IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00341-GPG

JUAN M. OJEDA-ZAVALA,

    Applicant,

v.

STANCIL, Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant is in the custody of the Federal Bureau of Prisons (BOP) and currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. Applicant initiated this action by filing *pro se* a Letter, ECF No. 1, stating that he is seeking a stay of his deportation, but currently remains in the custody of the BOP serving a thirty-month sentence for committing a reentry offense. In an order entered on February 19, 2015, Magistrate Judge Gordon P. Gallagher told Applicant that if he intends to pursue an action he must cure certain deficiencies. Specifically, Magistrate Judge Gallagher directed Applicant to file his claims on a Court-approved form used in filing a 28 U.S.C. § 2241 application and either to submit a request to proceed pursuant to 28 U.S.C. § 1915 or pay the $5 filing fee. Magistrate Judge Gallagher warned Applicant that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

Applicant filed his claims on a Court-approved form but now has failed to pay the $5 filing fee or submit a request to proceed pursuant to 28 U.S.C. § 1915, and as a

result, he has failed to cure the deficiencies within the time allowed. The Court, therefore, will dismiss the action.

The Court also notes that pursuant to 28 U.S.C. § 2241(c), Applicant may challenge an immigration detainer only if he is in custody pursuant to the detainer. The fact that immigration officials have issued a detainer is not sufficient, by itself, to satisfy the custody requirement. *See Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994). Applicant does not allege that immigration officials have taken any action with respect to his immigration status other than to issue a detainer. The Court, therefore, finds that Applicant is not in custody pursuant to the immigration detainer lodged against him and, as a result, his claim challenging the immigration detainer must be dismissed.

Even if Applicant could show that he is subject to a final order of deportation, the REAL ID Act divested federal district courts of jurisdiction over § 2241 challenges to such orders, and Applicant's sole means of judicial review would be to petition the proper court of appeals. *Cabrera v. Trammel*, 488 F. App'x 294, 296 (10th Cir. 2012) (citing *Zamarripa-Torres v. B.I.C.E.*, 347 F. App'x 47, 48 (5th Cir. 2009)).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without

prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the February 19, 2015 Order, within the time allowed, and for failure to prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   30th   day of    March        , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court